IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| KENYATTA HARVEY, | : |
| Plaintiff, | : |
| V. | : NO. 1:24-cv-00125-LAG-TQL |
| SUMTER COUNTY BOARD OF COMMISSIONERS, *et al.*, | : |
| Defendants. | : |

## ORDER & RECOMMENDATION

Plaintiff Kenyatta Harvey, a detainee in the Sumter County Jail in Americus, Georgia, filed a complaint on the form for a civil rights action under 42 U.S.C. § 1983. ECF No. 1. The complaint, however, mixed elements of a § 1983 action and a 28 U.S.C. § 2241 habeas corpus petition. Thereafter, Plaintiff was informed that habeas corpus cases and § 1983 actions are mutually exclusive, meaning that they cannot be brought together in the same case. ECF No. 4 at 2. Thus, Plaintiff was ordered to clarify whether he intended to file a § 1983 civil rights action or a § 2241 habeas petition by recasting his claims on either a habeas corpus petition or a new civil rights complaint form. *Id.* at 2-3.

Plaintiff was instructed that, if he wanted to pursue both types of relief, he must do so through separate actions, which he could accomplish by marking out the case number on one of the forms to indicate that it was to be used to open a new case. *Id.* at 3 n.2. Rather than do so, Plaintiff has now filed both a recast complaint and a petition for a writ of habeas corpus together in this case without marking out the case number on either form.

ECF Nos. 5 & 7.  Because only one type of relief may be pursued in this case, the Court will now consider this case under 42 U.S.C. § 1983.  No action will be taken with regard to the 28 U.S.C. § 2241 petition (ECF No. 7) filed in this case.[1]

Additionally, in the order to recast, Plaintiff was ordered to file a certified account statement in support of his motion to proceed *in forma pauperis*.  ECF No. 4 at 3.  Plaintiff has filed a new motion for leave to proceed *in forma pauperis*.  ECF No. 6.  Plaintiff has not submitted a certified account statement with this motion, but he has included a written statement regarding who he spoke to at the jail when he tried to get an account statement.  ECF No. 6-1 at 1.  Plaintiff asserts that he was informed by the financial officer that she would not provide him with a statement.  *Id.*  Plaintiff should not be penalized for the failure of jail officials to provide him with the paperwork needed to proceed with his case.  Therefore, based on his affidavit of indigence, Plaintiff's motion to proceed *in forma pauperis* is now **GRANTED**, as set forth below.[2]

As Plaintiff's motion to proceed *in forma pauperis* is granted, his case is also ripe for preliminary review.  On that review, Plaintiff will be permitted to proceed on a deliberate indifference to a serious medical need claim against Sheriff Eric Bryant.  It is

---

[1] If Plaintiff wants to pursue habeas corpus relief, he must file a new, separate habeas corpus petition and either pay the filing fee for a habeas corpus case or file a proper and complete motion for leave to proceed *in forma pauperis*.  To facilitate any such filing, the Clerk is **DIRECTED** to forward Plaintiff a blank 28 U.S.C. § 2241 petition and a motion to proceed *in forma pauperis*.  No case number should be included on these forms.

[2] A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has not accrued any strikes for the purposes of 28 U.S.C. § 1915(g).

**RECOMMENDED** that all of Plaintiff's claims as to the remaining defendants be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim as discussed below.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As noted above, Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF Nos. 2 & 6.  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.   <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing

3

fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the Sumter County Jail.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations Upon Release</u>

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.  If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

4

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Factual Allegations

In the complaint, Plaintiff asserts that he was arrested for murder and aggravated assault by the Americus Police Department in February 2021.  ECF No. 5 at 5.  Plaintiff has had two trial dates scheduled, but neither trial occurred.  *Id.*  Nevertheless, based on the pending charges, Plaintiff's probation was revoked.  *Id.*

In July 2024, the doctor for the jail's medical contractor, Dr. Brown, diagnosed Plaintiff with an abscess on his brain.  *Id.*  The condition is causing Plaintiff to have

6

increasingly bad headaches, and he has made a number of complaints to try to get treatment. *Id.* Dr. Brown referred Plaintiff to a neurologist, but Sheriff Eric Bryant has refused to allow Plaintiff to see the neurologist due to the cost. *Id.* As defendants, Plaintiff names the Sumter County Board of Commissioners, Sheriff Eric Bryant, the Americus Police Department, the Sumter County District Attorney Cania R. Brown-Gordon, Judge Jimmie H. Brown, Dr. Brown, and jail medical administrator S. King. *Id.* at 4.

### III. Plaintiff's Claims

#### A. Arrest and Incarceration

Plaintiff names the Sumter County Board of Commissioners, the Americus Police Department, Sumter County District Attorney Cania R. Brown-Gordon, and Judge Jimmie H. Brown as defendants, but he does not allege specific facts relating to these defendants. Regardless, Plaintiff is apparently naming them in connection with his allegations regarding his arrest and incarceration. Plaintiff's claims against these defendants are not viable for several reasons.

##### 1. Habeas Corpus

As an initial matter, to the extent that Plaintiff is attempting to challenge his current incarceration, he must do so through a habeas corpus petition, not through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus."). As discussed above, Plaintiff may initiate a separate habeas corpus case by submitting a new petition and either paying the filing fee or moving for leave to proceed *in forma pauperis* in that case.[3]

### 2. Americus Police Department

Additionally, the Americus Police Department is not an entity capable of being sued. Whether a defendant is a legal entity capable of being sued in a § 1983 action is controlled by the law of the state where the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Thus, in this case, this question is governed by Georgia law. In this regard, the Georgia Supreme Court has explained that there are only three classes of legal entities: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)).

The Americus Police Department is not a legal entity capable of being sued under Georgia law. *See id.*; *see also Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam); *Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (per curiam). Moreover, to the extent Plaintiff's claims against this entity could be broadly construed as claims against the City of Americus, a local government may only be sued for constitutional violations caused by "a policy statement, ordinance, regulation,

---

[3] Plaintiff should be aware that, before filing any federal habeas corpus petition, he must first exhaust any available state court remedies.

or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff's complaint does not include any allegations that a constitutional violation resulted from a policy, regulation, or decision officially adopted and promulgated by either the City of Americus or its police department.

### 3. Immunity

With regard to Cania R. Brown-Gordon and Judge Jimmie H. Brown, these defendants are protected by immunity with regard to actions taken within the scope of their prosecutorial and judicial roles. In particular, Assistant District Attorney Brown-Gordon is entitled to prosecutorial immunity for claims arising out of the initiating and presenting of the State's case against Plaintiff. *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Likewise, "[j]udges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in 'complete absence of all jurisdiction.'" *Allen v. Florida,* 458 F. App'x 841, 843 (11th Cir. 2012) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). Plaintiff does not describe any action taken by these defendants, but to the extent that any such action is within their prosecutorial or judicial roles, they are covered by these immunities.

### 4. Absence of Factual Allegations

Finally, apart from the issues set forth above, Plaintiff does not allege any facts to show that the Sumter County Board of Commissioners or any individual commissioner, the Americus Police Department or any employee of the department, Sumter County

District Attorney Cania R. Brown-Gordon, or Judge Jimmie H. Brown have taken any particular action that may have violated his constitutional rights. On this point, Plaintiff generally asserts that he has been held without going to trial and that his probation has been revoked, but these allegations do not show that any of the named defendants have violated Plaintiff's rights in any way. Thus, it is **RECOMMENDED** that Plaintiff's claims against the Sumter County Board of Commissioners, the Americus Police Department, Sumter County District Attorney Cania R. Brown-Gordon, and Judge Jimmie H. Brown be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### B. Deliberate Indifference

Plaintiff's remaining allegations suggest a potential claim for deliberate indifference to a serious medical need. In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show both that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted) (*overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243 (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)).

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Notably, to establish a deliberate indifference claim, the prisoner must allege facts to show "that the defendant was actually aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1261 (11th Cir. 2024).

Plaintiff asserts that he has had increasingly bad headaches and that Dr. Brown diagnosed him with an abscess on his brain. At this stage of the proceeding, this allegation sufficiently suggests that Plaintiff has a serious medical need. Therefore, the question is whether Plaintiff has alleged facts to show that any defendant was deliberately indifferent to that need.

### 1. Dr. Brown

With regard to Dr. Brown, Plaintiff asserts only that Dr. Brown diagnosed the condition and referred Plaintiff to a neurologist. These allegations do not show that Dr. Brown was deliberately indifferent to Plaintiff's condition. To the contrary, they suggest that Brown tried to get Plaintiff the medical attention that he needed. Thus, it is **RECOMMENDED** that Plaintiff's claim as to Dr. Brown be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### 2. Sheriff Bryant

As to Sheriff Bryant, Plaintiff asserts that Bryant knew of his diagnosis, as well as of Plaintiff's continuing complaints, but he refused to allow Plaintiff to get further medical

11

treatment. At this stage of the proceeding, these allegations are sufficient to allow Plaintiff to proceed for further factual development on a deliberate indifference to a serious medical need claim against Sheriff Eric Bryant.

### 3. S. King

Plaintiff also names medical director S. King as a defendant. Plaintiff does not include any allegations with regard to King. Thus, it appears that Plaintiff is attempting to include King based on his or her supervisory position.

A prisoner cannot state a § 1983 claim based on a theory of respondeat superior or vicarious liability. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004). Instead, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging facts showing that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Here, Plaintiff does not allege facts showing that King either personally participated in the alleged violation or that there was a causal connection between King and the alleged violation. Thus, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED**

**WITHOUT PREJUDICE** as to King.

    IV.    <u>Conclusion</u>

Therefore, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference claim against Sheriff Eric Bryant. It is **RECOMMENDED** that all of Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Leslie Abrams Gardner, United States District Chief Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims

against Defendant **SHERIFF ERIC BRYANT**, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by

mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension

is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery

period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 18th day of December, 2024.

*s/ Thomas Q. Langstaff*
United States Magistrate Judge